IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TESSA COLLINS,　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　　）
　　　　　Plaintiff,　　　　　　　　　　　）
　-vs-　　　　　　　　　　　　　　　　　）　　Civil Action No. 16-225
　　　　　　　　　　　　　　　　　　　　）
NANCY A. BERRYHILL,[1]　　　　　　　　）
COMMISSIONER OF SOCIAL SECURITY,　）
　　　　　　　　　　　　　　　　　　　　）
　　　　　Defendant.　　　　　　　　　　）

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10, 12 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 11).

### I.　BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income and child's insurance benefits pursuant to the Social Security Act. Plaintiff filed her applications alleging disability began on December 1, 2002. (ECF No. 7-5, pp. 2, 25). Administrative Law Judge ("ALJ"), David F. Brash, held a hearing on December 15, 2014. (ECF No. 7-4, pp. 32-67). On April 15, 2015, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 11-26).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. '405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.  Residual Functional Capacity ("RFC") [2]

Plaintiff asserts that the ALJ erred in determining her RFC. (ECF No. 10, pp. 14-16). To that end, Plaintiff first specifically argues that the ALJ erred in failing "to take into account that plaintiff's level of mental functioning is occurring in the context of a supported living environment." (ECF No. 10, p. 4). I disagree. The ALJ went through the entire record, including medical and non-medical evidence, as well as, testimony from Plaintiff and her father describing, in detail, Plaintiff's ability to function and in what context. (ECF No. 7-2, pp. 11-26). Simply because the ALJ did not lay out the context in the way that Plaintiff prefers does not mean that the ALJ did not adequately and properly consider the same. After a review of the record, I find that ALJ properly considered the context of Plaintiff's supported living environment. Consequently, I find no error in this regard.

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §404.1545(a).

Additionally, Plaintiff submits that the ALJ erred in failing to adequately explain the weight given to the opinion evidence of Dr. Wright. (ECF No. 10, pp. 8-10). As Plaintiff points out, the ALJ gave Dr. Wright's opinion great weight. (ECF No. 7-2, p. 23). Plaintiff, however, suggests that the ALJ did not adequately "explain why he did not adopt her opinion that Plaintiff requires supervision for most tasks." (ECF No. 10, p. 8). Plaintiff, therefore, concludes that I am unable to conduct a meaningful review. *Id.* at pp. 8-11. After a review of the record, I disagree.

An ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). To that end, an ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett,* 220 F.3d at 121-122*, quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981). Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence. *Id.*

Here, the ALJ properly took into account Dr. Wright's opinion and adequately explained Dr. Wright's note regarding supervision. Specifically, the ALJ noted that Dr. Wright "stated the claimant needed supervision for most tasks, but concluded she had only mild difficulty understanding, remembering, and carrying out simple instructions, and only moderate difficulty making judgments on simple, work-related decision (Exhibit 7F)." (ECF No. 7-2, p. 17). The ALJ then went on to give great weight to Dr. Wright's opinion that Plaintiff had mild difficulty in

understanding, remembering, and carrying out simple instructions, and moderate difficulty in making judgments on simple, work-related decisions. (ECF No. 7-2, pp. 23-24). Based on the same, I find the ALJ provided the necessary explanation necessary for me to perform a proper and meaningful review and I find no error in this regard. Consequently, I find no merit to this argument.

Plaintiff next argues that because the ALJ found she has certain severe impairments (specific learning disorder in math and specific learning disorder in reading), he was required to make an accommodation for those impairments in her RFC.[3] (ECF No. 10, pp. 11-14; No. 15, p. 3). I disagree. "[S]uch a presumption would conflict with the regulatory scheme for determining whether a claimant is disabled, under which the determination of whether a claimant is severely impaired precedes a separate determination of whether the claimant, despite his severe impairment, retains the [residual functional capacity] to perform substantial gainful activity." *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). Thus, just because an impairment is found to be severe does not mean necessarily that it erodes a plaintiff's RFC. *Franklin v. Astrue*, No. 10-CV-02532-PAB, Civ No. 10-cv-2532, 2012 WL 1059995, at *3 (D. Colo. Mar. 28, 2012) ("Simply because plaintiff established a 'severe impairment' which only 'requires a de minimis showing of impairment,' does not necessarily require that the ALJ conclude that the impairment materially erodes plaintiff's RFC."). Therefore, I find no merit to this argument.

Moreover, in this case, I find the ALJ discussed and thoroughly considered Plaintiff's learning disorders in math and reading. (ECF No. 7-2, pp. 11-26). In fact, the RFC formulated by the ALJ limited Plaintiff to "understanding, remembering, and carrying out simple instructions and performing simple, routine tasks; she is limited to only occasional and superficial interaction with coworkers and the public, but with no transactional interaction such as sales or negotiation;

---

[3]In this case, the ALJ found that Plaintiff has the RFC to perform a full range of work at all exertional levels with exceptions. (ECF No. 7-2, pp. 19-24).

5

and she is limited to a low-stress work environment, which means no production rate pace work, but, rather, goal oriented work with only occasional and routine change in work setting." (ECF No. 7-2, p. 19). Thus, I find the ALJ properly reviewed the same and that the RFC is based on substantial evidence. Therefore, remand on this basis is not warranted.

Plaintiff concludes by arguing that the ALJ did not adequately discharge his duty to determine whether Plaintiff could perform the work of a hospital cleaner, dishwasher, or housekeeping cleaner given her learning disorders in math and reading. (ECF No. 10, pp. 14-16; No. 15, pp. 3-6). In other words, Plaintiff argues that the ALJ erred in failing to ask the vocational expert hypothetical questions that accurately reflect Plaintiff's impairments. Again, after a review of the record, I disagree. An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record and analysis above, I find there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 7-2, pp. 15-25). To be clear, the ALJ crafted the hypothetical posed to the vocational expert that represented the RFC. (ECF No. 7-2, pp. 63-64). Furthermore, contrary to Plaintiff's assertion, the vocational expert ("VE") testified that she reviewed the exhibits in this file in preparation for her testimony. (ECF No. 7-2, p. 62). Additionally, I note that Plaintiff was represented by counsel at the hearing and her counsel did not pose any further limiting hypothetical questions to the VE or question the VE about the reading and/or math requirements of the stated positions. Thus, I find no error in this regard. Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TESSA COLLINS, )
)
    Plaintiff, )
 -vs- ) Civil Action No. 16-225
)
NANCY A. BERRYHILL,[4] )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 20th day of December, 2017, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and Defendant's Motion for Summary Judgment (Docket No. 11) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.